570 F.2d 508
 LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts
Corporation, Appellee,
v.
Teddy E. MUELLER, a Virginia resident, and Ronald Dean
Mueller, and Paul J. Puckett, Administrator of the
Estate of Clarence H. Caviness,
Deceased, Appellants.
 No. 77-1577.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 15, 1977.
Decided Feb. 23, 1978.
 
 Richard C. Pattisall, Roanoke, Va., for appellants.
 S. D. Roberts Moore, Roanoke, Va. (Gentry, Locke, Rakes & Moore, Roanoke, Va., on brief), for appellee.
 Before FIELD, Senior Circuit Judge, and WIDENER and HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Liberty Mutual Insurance Company issued a policy of insurance to Checker Cab Company of Virginia, Inc., which operates an Avis Rent-A-Car facility in Roanoke, Virginia.
 
 
 2
 A vehicle was rented from Avis by one Carrico under a contract which contained a provision that the vehicle "shall not be operated" "by any person other than the Renter or (1) the employer, partner, or an executive officer or regular employee of Renter or (2) any member of Renter's immediate family at least 21 years of age and permanently residing in Renter's household. . . ."
 
 
 3
 Carrico and a friend, Caviness, started for Pulaski from Roanoke for a date. Caviness drove, apparently at Carrico's instance, or at least with his express consent and agreement. Caviness was neither Renter, employer, employee, partner, executive officer, or member of Carrico's immediate family as mentioned in the contract between Avis and Carrico.
 
 
 4
 A wreck took place while Caviness was driving in which two hitchhiker passengers, the Muellers, were injured. The Muellers' claim against Caviness and Carrico brought about this suit for a declaratory judgment on the question of the coverage afforded by Liberty Mutual to the estate of Caviness.
 
 
 5
 The district court held that, Caviness not being among those permitted by the contract between Carrico and Avis to operate the vehicle, his estate was not afforded coverage under the policy.[1] In so doing, it correctly applied Virginia Code § 38.1-381 (the omnibus clause) and other applicable Virginia law. Harsh as the result may seem to be, as was also recognized by the district court, because of the contract between Avis and Carrico, we are of opinion there is no error in the judgment of the district court.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 We do not have before us any question as to the coverage afforded Carrico by the policy
 The opinion of the district court is reported in 432 F.Supp. 325 (W.D.Va.1977).