James L. GORDON, Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY and Aetna Casualty and Surety Company, Defendants.

Civ. A. No. 87–27–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

Oct. 30, 1987.

J. Darrell Foster, Bangel, Bangel & Bangel, Portsmouth, Va., for plaintiff.

William L. Dudley, Jr., Harlan, Knight, Dudley & Pincus, Norfolk, Va., for Liberty Mut. Ins. Co.

Phillips M. Dowding, Newport News, Va., for Aetna Cas. and Surety Co.

## OPINION AND ORDER

DOUMAR, District Judge.

Asserting diversity jurisdiction under 28 U.S.C. § 1332, the plaintiff, James L. Gordon, brought this action against the defendants, Liberty Mutual Insurance Company (Liberty Mutual) and Aetna Casualty and Surety Company (Aetna) claiming alternatively that Liberty Mutual or Aetna is obligated under certain insurance policies to satisfy a judgment previously obtained by plaintiff against Mr. Greg Rossi. For the reasons stated below, judgment will be ENTERED against Aetna in favor of plaintiff for $78,225.00 with interest from November 18, 1986 at the rate of 12% per annum until the date hereof and from the date hereof at the rate of 6.90% per annum.

FACTS:

The facts of this case are uncontested and have been stipulated to by all parties.

This case involves the liability insurance coverage of Greg R. Rossi, who was driving a rental car with the permission of the car's lessee, but without the permission of the lessor, Autolease, Inc. (Autolease). Because of Mr. Rossi's negligence in driving, said rental car was involved in a one-car accident in which the plaintiff, who was the passenger and lessee of the car, received personal injuries. Plaintiff obtained judgment against Mr. Rossi for $78,225.00 on November 19, 1986 in the Circuit Court of the City of Newport News, Virginia, and now seeks to recover this amount pursuant to certain policies issued by Liberty Mutual and Aetna or either.

### 1. *The Liberty Mutual Policy.*

Plaintiff asserts that the primary insurance provider is Liberty Mutual, the company insuring the rental car pursuant to a liability policy issued to Autolease, the owner of the vehicle, and the named insured. Liberty Mutual has refused payment because Mr. Rossi was driving the rental car without Autolease's permission. The lessee of the car had told the rental agency that no one other than he was to drive the vehicle and the contract of lease clearly spelled out that no one else was permitted to drive the vehicle without the lessor's permission, which permission was not obtained.

■ Under the omnibus clause of the policy, Autolease, the named insured, could extend coverage to a lessee of a covered automobile by giving permission for lessee to use the car pursuant to the rental agreement. However, the omnibus clause under the circumstances would not extend coverage to one using the automobile without the named insured's express or implied permission. Because Mr. Rossi operated the rental car in violation of the rental agreement provision prohibiting anyone other than the lessee from using the rented car, he did not have the named insured's permission and thus is not covered by the Liberty Mutual policy. *Liberty Mutual Ins. Co. v. Meuller,* 432 F.Supp. 325 (W.D. Va.1977), *aff'd,* 570 F.2d 508 (4th Cir.1978).

Plaintiff argues that because Liberty Mutual gave an allegedly inadequate notice to Mr. Rossi, pursuant to Va.Code § 38.2-2226, that Liberty Mutual is estopped from averring that Mr. Rossi was not covered under the terms of the Liberty Mutual policy. This section provides that:

> Whenever any insurer on a policy of liability insurance discovers a breach of the terms or conditions of the insurance contract by the insured and the insurer intends to rely on the breach in defense of liability for any claim within the terms of the policy, the insurer shall notify the claimant ... of its intention to rely on the breach as a defense.

This statute was designed to inform an injured claimant against an alleged insured of a breach of policy terms which might cause the insured to become an uninsured motorist. Thus, the claimant would have

knowledge in order that he might be able to comply with the demands of the uninsured motorist law which require service of process upon the insured motorist carrier prior to any judgment against the uninsured motorist in order to hold the uninsured carrier liable.

The Section 2226 notice that Liberty Mutual gave to Mr. Rossi indicated that Mr. Rossi was not covered under the policy because of "violation of the terms of the rental agreement" while quoting that portion of the rental agreement which required "permission" of the lessor before any person other than the lessee could operate the rental car.

■ This estoppel argument of the plaintiff hinges on a very fine distinction. Plaintiff fails to distinguish appropriately between denial of coverage based on an alleged insured's breach and denial based on simple non-coverage under the terms of the policy. The Court is asked to find that because Liberty Mutual identified the former in its statutory notice, it is estopped from relying on the latter before this Court. Because no operative provision of the Liberty Mutual policy prevents coverage simply because the rental agreement was breached, the plaintiff claims that under the estoppel theory Liberty Mutual would have no defense to liability.

However, the plaintiff has failed to show or allege that he was prejudiced in any way by the wording of the statutory notice. Moreover, even were there prejudice, the estoppel principle cannot operate to prevent Liberty Mutual from showing that the policy, by its terms, simply does not cover Mr. Rossi under the circumstances of this case. *Beneficial Finance Co. of Virginia v. Lazrovitch,* 47 B.R. 358 (E.D.Va.1983). Thus, there is no coverage nor any estoppel to deny coverage under the Liberty Mutual policy. Accordingly, there is no coverage and thus no liability of Liberty Mutual.

### 2. *The Aetna Policy.*

Aetna issued an automobile policy to Rossi's parents which was in effect at the time of the rental car accident. The parties agree that Rossi is a "person insured"

within the meaning of the policy as a dependent member of the household even while enrolled in college. The only question is whether the non-owned vehicle clause provides coverage to Mr. Rossi under the circumstances of this case. This clause provides:

> Under the Liability and Medical Expense Coverages, the following are insureds:
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> (b) with respect to a non-owned automobile,
>> (1) the named insured,
>> (2) a relative, but only with respect to a private passenger automobile or utility trailer,
>
> provided his actual operation ... is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission.

This provision of the Aetna policy must be construed in accordance with Va.Code § 38.2–2204 A. The Code provides that each automobile liability insurance policy covering a private passenger automobile principally garaged or used in Virginia which contains a clause providing coverage for insured's use of a non-owned vehicle which contains "any provision requiring permission or consent of the owner of such automobile ... for the insurance to apply, shall be construed to include permission or consent of the custodian in the provision requiring permission or consent of the owner." In accordance with this statute, the Aetna policy non-owned vehicle provision's permission requirement must be construed to be satisfied if Mr. Rossi reasonably believed that he had the permission of the rental car's custodian.

In this regard, the Court must address two questions. First, whether Mr. Rossi reasonably believed he had plaintiff's (lessee's) permission to operate the rental car, and second, whether such permission was adequate to bring Rossi within the coverage of the Aetna policy.

■ It is undisputed that Rossi subjectively believed he had the lessee's (plaintiff's) permission to drive, that the lessee (plaintiff) asked Rossi to drive, that Rossi

knew plaintiff was the car's lessee and that Rossi had never rented a car himself. Furthermore, it is agreed that Rossi and plaintiff (the lessee) never discussed the terms of the rental agreement and that Rossi was not familiar with those terms. Based on these facts, the Court cannot perceive how Rossi would believe anything other than that he had plaintiff's permission to operate the rental car. Accordingly, the Court concludes that Rossi's belief was reasonable.

The question remains whether plaintiff's permission alone was adequate to extend coverage to Rossi under the Aetna policy.

Defendant Aetna has suggested two alternative constructions of its non-owned vehicle provision. If either construction is accepted, Aetna contends that the Court will be compelled to conclude that plaintiff's permission alone is inadequate.

First, it is argued that the Court should focus on the use of the word "include" in the statutory phrase "shall be construed to *include* permission or consent of the custodian...." Va.Code Ann. § 38.2–2204 A (1986) (emphasis added). Aetna asserts that this use of the word "include" conveys a legislative intent to require an insured to obtain permission from the owner *and* the custodian of the non-owned vehicle. In support of this argument, Aetna claims "include" means "in addition to" and that the statute is ambiguous because it can be read both disjunctively and conjunctively.

■ *Webster's Third New International Dictionary* defines "include" as follows: "to place, list, or rate as a part or component of a whole or of a larger group, class or aggregate." *Webster's Third New International Dictionary*, 1143 (1981). Nothing in this definition indicates whether the components of the "larger group" are to be considered disjunctively or conjunctively. Granting that a literal reading of the statutory language could be read either way, the Court looks to the meaning and purpose of the statute to identify the legislative intent underlying the use of the word "include."

It is well established that the "omnibus clause" statute is to be construed liberally to effectuate the clearly manifested legislative purpose to broaden automobile liability insurance coverage. *Emick v. Dairyland Ins. Co.*, 519 F.2d 1317 (4th Cir.1975); *Liberty Mutual Ins. Co. v. Meuller*, 432 F.Supp. 325 (W.D.Va.1977), *aff'd*, 570 F.2d 508 (4th Cir.1978); *Davis v. National Grange Ins. Co.*, 281 F.Supp. 998 (E.D.Va. 1968); *Rose v. Travelers Indemnity Co.*, 209 Va. 755, 167 S.E.2d 339 (1969). A conjunctive reading of the word "include" would be patently inconsistent with this statutory purpose because it would restrict, rather than expand, coverage under the omnibus clause by requiring additional permissions. Conversely, a disjunctive reading of "include" broadens the coverage of non-owned vehicle provisions in accord with the statutory purpose. Accordingly, the Court construes the word "include" disjunctively and concludes that permission of an automobile's custodian alone suffices to provide coverage under Aetna's non-owned vehicle provision.

Aetna has argued in the alternative that the term "custodian", as used in the omnibus clause statute, should be narrowly construed to apply only to persons with possession of an automobile *and* the legal authority to allow another to operate it. Under such a construction, plaintiff would not be a "custodian" within the meaning of the statute because the rental agreement expressly limited his authority to allow others to drive the car.

■ *Webster* defines "custodian" as "one that guards and protects or maintains: one entrusted officially with guarding and keeping (as property ...)...." *Websters Third New International Dictionary*, 559 (1981). Under a literal reading of this definition of "custodian", *any person* "guarding and keeping" property, even a thief of the property, can qualify as a custodian. However, this definition can be boiled down further. According to *Webster*, a "guard" is defined as "one that defends against injury ...," *Webster's Third New International Dictionary*, 1007 (1981), and "keeping" is defined as "to possess." *Id.* at 1235. Thus, the Court concludes that under a literal reading of the statute, the

"custodian" of an automobile is any person who has possession of the automobile who in fact safeguards or intends to safeguard the automobile from damage.

The Court must read the word "custodian", as used in Va.Code Ann. § 38.2–2204 A, literally unless such a reading would lead to an absurd result or thwart the purpose of the statute. *In re Trans Alaska Pipeline Rate Cases*, 436 U.S. 631, 98 S.Ct. 2053, 56 L.Ed.2d 591 (1978). Here, the literal reading of the statutory language is completely consonant with the statutory purpose of expanding coverage under liability insurance policies.

Moreover, interpretation of the non-owned vehicle clause in the policy pursuant to a literal reading of the statute advances the purpose of the insurance policy itself. Rossi's parents contracted with Aetna for protection in certain circumstances, including their son's use of a non-owned vehicle. Plaintiff's Exhibit 3. Aetna has denied this protection not by asserting any breach or misconduct by Mr. Rossi or his parents, but by pointing to the plaintiff's breach of his rental agreement—a contract wholly unrelated and separate from the Rossi insurance policy. The plain and apparent meaning of the non-owned provision, as interpreted under a literal reading of Va.Code § 38.2–2204 A, clearly provides protection to Mr. Rossi because he reasonably believed he had the permission of the person in possession of the rental car.

This Court will not defeat this protection, which the Rossi's have contracted for, because a third party breached an unrelated contract. To hold otherwise would allow insurance companies to defeat coverage pursuant to a restrictive reading of a statute intended to expand coverage. Such a result would be absurd.

Aetna argues that *Meuller, supra*, stands for the proposition that the letter and spirit of the rental agreement should be the paramount consideration in determining liability coverage. While the terms of the rental agreement carry great significance as between the parties to the agreement, they do not control the interpretation of the wholly independent agreement between the Rossis and Aetna. This latter agreement is controlled by its own terms.

The Court is compelled to give the term "custodian" as used in Va.Code § 38.2–2204 A its plain and natural meaning. Accordingly, the Court holds that any person who is in possession of and intends to safeguard an automobile is a custodian of said automobile within the meaning of Va.Code § 38.2–2204 A.

Applying this interpretation, it is clear that the plaintiff, as lessee of the automobile, qualifies as a custodian under the statute. Because Mr. Rossi reasonably believed that he had the permission of the rental car's custodian, he is covered by the Aetna policy.

The Aetna policy provides that Aetna "will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, arising out of the ... use of an ... non-owned automobile...." Accordingly, Aetna is obligated under the Rossi policy to satisfy the $78,225.00 judgment previously obtained against Mr. Rossi, together with interest and costs of said judgment.

The action against Liberty Mutual is DISMISSED.

The Clerk is DIRECTED to enter judgment against defendant Aetna Casualty and Surety Company in the amount of $78,225.00, plus interest at 12% from November 18, 1986 until date hereof and interest at 6.90% from the date of this order.

IT IS SO ORDERED.