## CIRCUIT COURT OF CHESTERFIELD COUNTY

Liberty Mutual Ins. Co.

v.

Statts et al.

August 31, 1988

Case No. (Law) 4185-86

By JUDGE JOHN F. DAFFRON, JR.

This declaratory judgment action was filed by Liberty Mutual Insurance Company (Liberty Mutual) to determine its liability under an insurance policy issued to Autolease, Inc. The evidence and stipulated facts revealed that Roger Taylor leased a car from the plaintiff's insured and indicated to the lessor that another individual, David Campbell, would be driving the car. It is not disputed that David Campbell was an unlicensed driver. Paragraph 2 of the lease agreement which was signed by Mr. Taylor stated that "in no event shall the vehicle be used, operated or driven by any person other than customer . . ." or "qualified licensed drivers over 21 years of age whose names appear on page 2 hereof." The lease agreement further provided on page 2 that "operation of the vehicle by any driver under 21 years of age or in violation of paragraph 2 is prohibited."

While operating the leased car, Campbell was killed in an automobile accident and five others were injured.

The defendants argue that Campbell was a permissive user of the vehicle and that Liberty Mutual is estopped to deny coverage because it placed Campbell's name on the rental contract and was aware that Campbell would be driving the vehicle. Evidence presented at the trial

indicated that the employees of the lessor never asked if Campbell was a licensed driver. The defendants further argue that the Virginia omnibus statute should be construed to provide coverage to Campbell.

Liberty Mutual argues that Autolease did not give permission, either implied or express to Campbell to drive the car. Liberty Mutual would interpret the omnibus clause to deny coverage to a driver using an automobile without the named insured's express or implied permission. It maintains that the prohibitive language of the lease agreement controls and that Campbell was operating the car without its permission.

Generally stated, the Virginia omnibus statute provides that automobile insurance coverage extends to persons using the motor vehicle with the express or implied consent of the named insured. The question then becomes, did Campbell have Autolease's permission to operate the vehicle.

Since the written agreement prohibited unlicensed drivers from operating the vehicle, Campbell was in violation of the agreement. The Fourth Circuit has held that the operation of a rental car in violation of a rental agreement, which prohibited anyone other than the lessee from operating the car, indicated that the operation was without the lessor's permission and thus outside the scope of the omnibus clause. *Liberty Mut. Ins. Co. v. Mueller*, 570 F.2d 508 (4th Cir. 1978).

I see little difference between *Mueller* and the case at bar.

Although Campbell's name was on the lease, the agreement expressly conditioned any operation of the vehicle to "licensed drivers over the age of 21." It has been held that permission cannot be inferred where it has been explicitly denied. *Fidelity & Casualty of New York v. Harlow*, 191 Va. 64, 59 S.E.2d 872 (1950), cited in *Liberty Mut. Ins. Co. v. Mueller*, 432 F. Supp. 325 (W.D. Va. 1977). I am of the opinion that Campbell was not a permissive user of the automobile, given the restrictive wording of the lease agreement and Liberty Mutual has no liability on the policy for the actions of David Campbell.