## CIRCUIT COURT OF NORTHUMBERLAND COUNTY

Dairyland Insurance Co.

v.

Herman Lee Harcum et al.

November 13, 1990

Case No. (Law) L-27-89

By JUDGE JOSEPH E. SPRUILL, JR.

Dairyland Insurance Company filed this declaratory judgment action to determine its liability for coverage and its duty to defend four law actions arising out of a single vehicle accident in Northumberland County.

Dairyland issued to Herman Lee Harcum a family combination automobile policy which provided for liability coverage with respect to the use of a non-owned automobile, provided the actual operation was with the permission or was reasonably believed to be with the permission of the owner and was within the scope of such permission.

The vehicle, a 1982 Ford pick-up truck, was owned by George Keizer who authorized his employee, Oris J. Morris, Jr., to use the truck to transport Keizer's employees to and from work. Morris was specifically instructed by the owner to park the truck on Friday evenings at his (Morris's) home and not use it again until Monday mornings.

The essential facts are not in dispute. On June 18, 1988, a Saturday, Morris disregarded the owner's instructions and used the truck on a personal errand. He was accompanied by Herman Lee Harcum and others. Morris and Harcum were drinking; Morris became ill and asked Harcum to drive. While Harcum was driving, an accident

occurred in which one passenger was killed and three others were injured. Harcum's blood alcohol level at the time of the accident was 0.23 percent.

Virginia Code § 38.2-2204(A) provides, with respect to liability insurance provided by a policy for use of a non-owned automobile, that any provision requiring permission or consent of the owner "shall be construed to include permission or consent of the custodian."

Neither Morris nor Harcum had the owner's permission to use the truck at the time of the accident. Harcum was operating with Morris's permission. Thus, we believe this proceeding must be decided on the narrow issue of whether Morris was a "custodian" within the meaning of Virginia Code Section 38.2-2204(A). If he was, Dairyland's insured, Harcum, is entitled to coverage under its policy. If Morris was not the custodian of the vehicle at the time of the accident, Dairyland has no obligation under its policy.

*Webster's New International Dictionary* defines custody, *inter alia*, as a keeping or guarding. In *Gordon v. Liberty Mutual Insurance Company*, 675 F. Supp. 321 (E.D. Va. 1987), "custodian" is defined as one "who is in possession and intends to safeguard the automobile from damage." Within the context of these definitions, Morris clearly was custodian of the truck when he took it to his home on Friday evening and parked it pursuant to the owner's instructions. The issue therefore can be more narrowly drawn: did the custodianship of Morris terminate on Saturday morning when, against explicit instructions of his employer, the owner of the truck, Morris used the truck for his personal business. Put another way, did Morris at that point continue to be in possession with the intention to safeguard the truck from damage.

Harcum's counsel relies on *Gordon, id.*, to support his claim that Dairyland is liable under its policy. In *Gordon*, Rossi was involved in an accident while driving a rental car with permission of its lessee but without permission of the owner. The rental agreement limited the authority of the lessee to allow others to drive the car. In *Gordon*, the lessee was found to be the custodian of the car, Rossi was found to be operating with the custodian's consent, and therefore, Rossi's insurer was held liable under its policy with him.

There is a distinction between *Gordon* and the case at hand. In *Gordon*, the lessee, although without authority to permit anyone else to drive the car, was authorized himself to be driving the vehicle at the time Rossi had the accident. In this case, Morris not only had no authority to grant permission to another to operate the vehicle, he had no such authority himself at the time of the accident. Whether Morris continued under these circumstances to be a custodian presents an issue which apparently has not yet been addressed by our Virginia Supreme Court. We are reluctant to conclude that the breach by Morris of the owner's expressed instructions was sufficient to terminate his custodianship of the vehicle without some authority for such a holding. This reluctance stems from the clearly manifested legislative purpose of Virginia Code Section 38.2-2204(A) to broaden automobile liability insurance coverage. As Judge Doumar noted in *Gordon*:

> Here, the literal reading of the statutory language is completely consonant with the statutory purpose of expanding coverage under liability insurance policies.
> Moreover, interpretation of the non-owned vehicle clause in the policy pursuant to a literal reading of the statute advances the purpose of the insurance policy itself. Rossi's parents contracted with Aetna for protection in certain circumstances, including their son's use of a non-owned vehicle. Aetna has denied this protection not by asserting any breach or misconduct by Mr. Rossi or his parents, but by pointing to the plaintiff's breach of his rental agreement -- a contract totally unrelated and separate from the Rossi insurance policy.

Dairyland, on brief, stresses that its policy requires not only permission of the owner (or custodian) but that the operation be also within the scope of such permission. Dairyland observes that the *Gordon* case did not focus on this requirement. However, as Harcum's counsel responds, Harcum was clearly operating within the scope of the permission granted by Morris, and thus, we deem this requirement of the policy satisfied.

To paraphrase *Gordon*, Harcum here contracted with Dairyland for insurance protection. Dairyland seeks to deny coverage not by asserting any breach or misconduct by Harcum, but by pointing to a breach of an agreement between the owner and Morris, an arrangement unrelated to the Harcum policy.

We conclude that Morris, once a custodian, remained a custodian notwithstanding his breach of the authority granted him by the owner; that he gave permission to Harcum to drive; that Harcum was within the scope of such permission when the accident occurred; and that such circumstances are not sufficient to enable Dairyland to avoid its coverage.

Therefore, we find that Dairyland has a duty to defend these cases and to provide such coverage as may be appropriate.