# CIRCUIT COURT OF THE CITY OF RICHMOND

Shashona Martin,
an infant, etc.,
Sophana Martin,
an infant, etc.,
and Jermaine McLaughlin

   v.

National Car Rental
System, Inc., et al.

April 17, 1997

Case No. HH-420-4

BY JUDGE RANDALL G. JOHNSON

In this declaratory judgment action, the court must decide (1) whether a rental car agreement and/or Va. Code §§ 38.2-2204 and 38.2-2206 require the rental company to provide insurance coverage for a traffic accident which occurred while the rental car was being operated by a person other than the rental car customer, with the rental car customer's consent, but in violation of the rental car agreement; and (2) whether the rental car customer's own insurance carrier must provide coverage under the circumstances just stated. The matter is before the court on motions for summary judgment.

For purposes of the court's decision, the following facts are not in dispute. On May 19, 1995, Dawn Taylor rented a car from National Car Rental System, Inc. The rental agreement contained the following provision:

2. *Who May Drive the Vehicle* -- Authorized Drivers and Additional Authorized Drivers ....

b. The Vehicle shall not be operated by anyone except me, and the following Authorized or Additional Authorized Drivers who are capable and validly licensed drivers, 25 years of age or older (some locations may have higher or lower minimum age requirements) and have my prior permission to drive the Vehicle. In addition,

Authorized Drivers must be:

(1) a member of my immediate family who permanently lives with me; or

(2) a business partner, employer or regular fellow employee who drives the Vehicle for business purposes.

Additional Authorized Drivers must be:

(1) a person who has signed the Rental document of this Agreement as an Additional Authorized Driver after qualification by the Company.

These are the only Authorized or Additional Authorized Drivers who may drive the Vehicle, except as otherwise required by applicable law. I and Authorized and Additional Authorized Drivers shall be referred to in this Agreement as Authorized Driver(s).

Afterwards, Taylor gave permission to Antonio Crews to drive the rented vehicle. Crews was not a member of Taylor's immediate family, did not live with her, was not a business partner, employer, or regular fellow employee of Taylor's, and had not signed the rental agreement as an "Authorized" or "Additional Authorized Driver." Neither Taylor nor Crews told National that Taylor would give Crews permission to drive the car or that Crews would drive it. It is also not disputed that when she rented the car, Taylor knew that Crews, who was only seventeen and did not have a driver's license, could not rent an automobile from National in his own right.

On May 20, 1995, while Crews was driving the car with Taylor's permission on Interstate 95 north of Richmond, he lost control of the car and struck a guard rail. As a result, three passengers in the car, Shashona Martin, Sophana Martin, and Jermaine McLaughlin, were injured. The passengers now seek a declaratory judgment that coverage exists either with National, or with Colonial Insurance Company of California, with whom Taylor had liability and uninsured motorist coverage, or with both National and Colonial. For the reasons which follow, the court finds that coverage does not exist at all.

## I. *National's Coverage*

National is self-insured. It offers liability and, by operation of law, uninsured motorist coverage to its customers in its rental agreement.[1] When she rented the car, Taylor elected to purchase the liability and uninsured motorist coverage offered by National. In addition to the provision already set out above, however, the rental agreement also provided:

> I UNDERSTAND THAT IF THE VEHICLE IS OBTAINED OR USED FOR ANY PROHIBITED USE OR IN VIOLATION OF THIS AGREEMENT, THEN ANY LIMITATION OF MY RESPONSIBILITY UNDER THIS AGREEMENT SHALL BE VOID AND I SHALL BE FULLY RESPONSIBLE FOR ALL LOSS AND RESULTING DAMAGES, INCLUDING LOSS OF USE, CLAIMS PROCESSING FEES, ADMINISTRATIVE CHARGES, COSTS AND ATTORNEY'S FEES. ALSO, WHERE PERMITTED BY LAW, THE ... LIABILITY ... INSURANCE SHALL BE VOID.

In addition, under the portion of the agreement which describes the liability and uninsured motorist insurance coverage, it is provided:

> I understand that protection does not apply to ....
>      d. any liability of a driver who is not an Authorized Driver and any liability for an accident which occurs while the Vehicle is obtained or used in violation of this Agreement.

From the above provisions, it is clear that the liability coverage of the rental car agreement, which might otherwise cover Crews' liability for the passengers' injuries, does not apply to those injuries. Taylor violated the clear terms of the agreement when she allowed Crews to drive the car, and National is entitled to the benefit of its bargain. No liability coverage exists under the terms of the rental agreement.

The passengers argue, however, that even if the rental agreement does not provide liability coverage, Va. Code § 38.2-2204 does. Specifically, § 38.2-2204(C) provides:

---

[1]   The rental agreement provides: "I understand and agree that the Company and I reject 'Uninsured Motorists,' 'Underinsured Motorists' protection or minimum 'No Fault' or any supplementary No-Fault protection, unless they are required to be provided by applicable law and cannot be rejected." Va. Code § 38.2-368 makes uninsured and underinsured motorist coverage mandatory, as far as the facts of this case are concerned, for National. *See infra.*

C. No policy or contract of bodily injury or property damage liability insurance relating to the ownership, maintenance, or use of a motor vehicle shall be issued or delivered in this Commonwealth ... without an endorsement or provision insuring the named insured, and any other person using or responsible for the use of the motor vehicle with the expressed or implied consent of the named insured, against liability for death or injury sustained, or loss or damage incurred within the coverage of the policy or contract as a result of negligence in the operation or use of the motor vehicle by the named insured or by any other such person.

The passengers also argue that if no liability coverage exists at all, they are entitled to recover under the mandatory uninsured motorist provisions of Virginia law. In this regard, Va. Code § 46.2-368(B) requires businesses such as National who are self-insured to provide uninsured and underinsured coverage as required by § 38.1-2206. The latter section provides, in pertinent part:

§ 38.2-2206. *Uninsured motorist insurance coverage.* —
A. ... [N]o policy or contract of bodily injury or property damage liability insurance relating to the ownership, maintenance, or use of a motor vehicle shall be issued or delivered in this Commonwealth ... unless it contains an endorsement or provisions undertaking to pay the insured all sums that he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle .... .
B. ... *"Insured"* ... means the named insured and, while resident of the same household, the spouse of the named insured, and relatives, wards or foster children of either, while in a motor vehicle or otherwise, and any person who uses the motor vehicle to which the policy applies, with the expressed or implied consent of the named insured, and a guest in the motor vehicle to which the policy applies or the personal representative of any of the above.

As can be seen, one of the recurring phrases in § 38.2-2204 and § 38.2-2206 is "named insured." In fact, it is the passengers' argument that the named insured in this case is Dawn Taylor; that is, that Dawn Taylor purchased insurance coverage from National in the rental agreement, and is, therefore, the named insured under that coverage. If the passengers are correct, then Antonio Crews was operating the vehicle with the expressed consent of the named insured, and his negligence is thereby covered under the liability

portion of the contract as required by Va. Code § 38.2-2204. Moreover, if for any reason liability coverage did not exist, the passengers would still be covered under § 38.2-2206 since they were using the car with the expressed or implied consent of Dawn Taylor. Naturally, National argues that it, not Taylor, is the named insured.

Somewhat surprisingly, there appear to be no Virginia cases directly deciding this issue in the context of a self-insured rental car company. The court holds, however, that the named insured is the rental car company. It is not the customer. And the court's holding is based on the reality that any other holding is simply untenable.

Virginia Code § 38.2-2206 mandates uninsured and underinsured motorist coverage for several classes of people, and the coverage mandated for each class is different. A "guest" is covered when "*in* the motor vehicle *to which the policy applies.*" Emphasis added. Likewise, "any person" is covered "who *uses* the motor vehicle *to which the policy applies.*" Emphasis added. "Named insureds," however, and relatives of named insureds while residents of the same household, are covered "while in a motor vehicle *or otherwise,*" and whether or not they are in or using the motor vehicle *to which the policy applies.* Emphasis added. Thus, a "named insured" standing on the sidewalk who is struck and injured by an uninsured or underinsured motorist is covered under the mandatory coverage of § 38.2-2206 even though he or she is not in or using a motor vehicle, and even though the motor vehicle causing the injury is not the vehicle on which the named insured's policy was written. The same is true of the named insured's relatives if they live with the named insured. It follows, then, that if the rental car customer is the named insured under the rental company's self insurance, the customer and the customer's relatives living with the customer would be covered for any uninsured or underinsured motor vehicle accident which occurs while the rental agreement is in effect regardless of whether the rental vehicle is involved in the accident. Indeed, if at the moment Dawn Taylor signed the rental agreement in this case, her relative one hundred miles away was injured by an uninsured motorist, the passengers' argument would require that National's self insurance cover such injury. This cannot be the law, and the court now holds that it is not the law. The named insured under § 38.2-2206 is not Dawn Taylor. It is National Car Rental. And since there is no indication or reason that the term "named insured" should have a different meaning in § 38.2-2204 than it does in § 38.2-2206, the court holds that National is also the named insured for purposes of liability coverage. Since National did not give its consent for Antonio Crews to drive the car, no liability coverage exists.

Uninsured motorist coverage also does not exist under the rental agreement or under Va. Code § 38.1-2206. In this regard, National argues that this case is controlled by *Nationwide v. Harleysville Mutual*, 203 Va. 600, 125 S.E.2d 840 (1962). The court does not agree. In that case, a vehicle owner gave her daughter permission to drive her car to the movies. The daughter, without her mother's knowledge, later gave permission to a friend to drive. The friend lost control of the car, and a passenger, Elizabeth Pickeral, was insured. In denying uninsured motorist coverage for Pickeral, the Court said:

> There is no conflict or inconsistency between the statute and the uninsured motorist endorsement on Harleysville's policy as to who is an "insured." Both the statute and the endorsement provide that in order for a "guest" in an automobile to qualify as an insured, such person must be a "guest" in a motor vehicle "to which the policy applies," and the vehicle is being used with the consent, expressed or implied, of the named insured.
>
> Here, Miss Pickeral was not a member of the family of the named insured and not a resident of the household of the named insured. She was merely an occupant or "guest" in a motor vehicle which was being used without the permission, expressed or implied, of the named insured. She, therefore, does not come within the definition of an "insured," insofar as the statute or Harleysville's endorsement on its policy is concerned, and neither she nor [the driver] is entitled to recover from Harleysville.

It is National's argument that just as the vehicle in *Harleysville* was being used without the permission of the owner, thereby making the injured passenger not a statutory "guest," the rental car here was being used without National's, the owner's, permission, thereby making these passengers not statutory "guests." What National overlooks, however, is that Va. Code § 38.1-381(c), the predecessor to § 38.2-2206(B), and which was in effect when *Harleysville* was decided, provided:

> [T]he term *"insured"* … means the named insured and, while resident of the same household, the spouse of any such named insured, and relatives of either, while in a motor vehicle or otherwise, and any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies and a guest in

*such motor vehicle* to which the policy applies or the personal representative of any of the above ....

Emphasis added.

A significant difference exists between the statute as considered in *Harleysville* and the statute as it exists today. When *Harleysville* was decided, a person was a "guest" only if he or she was in "*such* motor vehicle;" that is, the motor vehicle being used by "any person ... *with the consent, expressed or implied, of the named insured.*" Emphasis added. That requirement no longer appears to be in the statute. Instead, the statute now provides that in order to be a "guest," a person must be in "*the* motor vehicle to which the policy applies." No reference is made to the named insured's consent. Still, National must prevail on summary judgment.

As just pointed out, § 38.2-2206(B), as it now reads, requires a "guest" to be "in the motor vehicle to which the policy applies" in order for uninsured motorist coverage to exist. In order for such coverage to apply to the rental car here, the rental agreement, which for purposes of this case is "the policy," must have been in effect at the time of the passengers' injuries. It was not. When Dawn Taylor allowed Antonio Crews to drive the vehicle in clear violation of the rental agreement, all insurance provisions of the agreement, under the plain language of the agreement set out above, ceased. As a result, the rental vehicle was no longer a "motor vehicle to which the policy applie[d]," and no uninsured motorist coverage exists either under the rental agreement or under Va. Code § 38.2-2206. Summary judgment will be entered for National.

## II. *Colonial's Coverage*

At the time of Crews' accident, Dawn Taylor was the named insured under a policy issued by Colonial Insurance Company of California. That policy also provided uninsured motorist coverage. The passengers argue that they are entitled to recover under either the liability or uninsured motorist provisions of the policy. Again, the court disagrees.

With respect to liability, the policy provides:

*Persons Insured*: The following are insureds under Part 1 ....
    (b) with respect to a non-owned automobile,
        (1) the named insured,
        (2) any relative, but only with respect to a private passenger automobile or trailer,

provided his actual operation or (if he is not operating) the other actual use thereof is with the permission or reasonably believed to be with the permission, of the owner and is within the scope of such permission, and

(3) any other person or organization not owning or hiring the automobile, but only with respect to his or its liability because of acts or omissions of an insured under (B)(1) or (2) above.

Antonio Crews is not a relative of Dawn Taylor's, and even if he was, he did not have the vehicle owner's (National's) permission to use it. Thus, the clear terms of the policy preclude liability coverage under it on Crews. And since Va. Code § 38.2-2204(C)'s mandatory liability coverage only applies to the motor vehicle on which the policy was written, that coverage also does not apply to the rental car.

With respect to uninsured motorist coverage, the passengers' position must again fail. Both the policy and Va. Code § 38.2-2206 limit such coverage for persons other than the named insured to injuries incurred while occupying or using "the motor vehicle to which the policy applies." Taylor's policy with Colonial applies only to the vehicle she owns, not to the rental car. No coverage exists for these passengers.

Finally, with regard to both National's agreement and Colonial's policy, the passengers cite several cases from Maryland and New York which hold that under facts similar or identical to this case, uninsured motorist coverage does exist. As National and Colonial correctly point out, however, those cases reflect the statutory law and public policy of those states. In Virginia, the law and public policy are succinctly stated in *Nationwide v. Harleysville, supra*:

> The intent of the General Assembly in enacting the "Uninsured Motorist Act," was to provide benefits and protection against the peril of injury by an uninsured motorist to *an insured motorist, his* family and permissive users of *his* vehicle. It was not enacted to provide insurance coverage upon each and every uninsured vehicle to everyone.

203 Va. at 603 (emphasis added).

Summary judgment will be entered for National and Colonial.