# CIRCUIT COURT OF THE CITY OF RICHMOND

John Paul Kandrac, III

v.

Virginia Farm Bureau
Mutual Ins. Co.

July 10, 1998

Case No. LE-1165

BY JUDGE RANDALL G. JOHNSON

This appeal from the General District Court of the City of Richmond involves automobile insurance coverage. At issue is whether John Paul Kandrac, III, who for clarity will be referred to as the plaintiff and who was involved in an accident while driving a rental car, has liability coverage under a policy issued to his father. The court holds that he does.

All of the relevant facts are stipulated. At the time of his accident, plaintiff was fifteen years old and lived with his father. The father had a liability insurance policy with the defendant, Virginia Farm Bureau Mutual Insurance Company. The policy covered the father and all relatives who were residents of his household. On December 21, 1996, plaintiff's mother, who did not live with plaintiff and his father, rented a car from Enterprise Rent-A-Car. The rental agreement signed by Ms. Kandrac lists her as the only authorized driver and contains the notation: "NO OTHER DRIVER PERMITTED." The next day, and in spite of the clear prohibition just mentioned, Ms. Kandrac allowed plaintiff, who had a valid learner's permit, to drive the car. He was involved in an accident. Enterprise and Erie Insurance Company, which covered the other car involved in the collision, contended that the accident was caused by plaintiff's negligence and sued him in district court for damages — Enterprise for damage to its car and Erie as subrogee for damages it paid to the other driver for personal injuries. Plaintiff filed a third-party action against Farm Bureau to recover whatever damages were awarded against him. The third-party claim

was allowed to proceed but was tried separately from the claims of Enterprise and Erie. In those cases, Enterprise was awarded a judgment against plaintiff in the amount of $1,720.08, and Erie was awarded a judgment against plaintiff in the amount of $3,611.25. Those judgments were not appealed.

The elder Mr. Kandrac's policy with Virginia Farm Bureau defines "persons insured" for liability purposes as follows:

> with respect to a non-owned automobile,
>> (1) the named insured [and]
>> (2) any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation ... is with the permission ... of the owner and is within the scope of such permission ... .

Virginia Code § 38.2-2204(A) provides, in part:

> [Every] policy or contract of liability insurance, or endorsement to the policy or contract, insuring private passenger automobiles ... in this Commonwealth, that has as the named insured an individual ... and that includes, with respect to any liability insurance provided by the policy, contract or endorsement for use of a nonowned automobile ... any provision requiring permission or consent of the owner of such automobile ... for the insurance to apply, *shall be construed to include permission or consent of the custodian in the provision requiring permission or consent of the owner.*

Emphasis added.

As noted above, it is stipulated that plaintiff is a relative and resident of his father's household. It is also stipulated that the rental car was a non-owned, private passenger automobile and that plaintiff had his mother's, the custodian's, permission to use it. The issue, then, is whether in spite of his mother's permission, the prohibition of the rental agreement against anyone other than Ms. Kandrac driving the car precludes coverage. The court holds that it does not.

Plaintiff's argument in favor of coverage is based on the portion of Va. Code § 38.2-2204(A) quoted above and the federal district court case of *Gordon v. Liberty Mut. Ins. Co.*, 675 F. Supp. 321 (E.D. Va. 1987). Virginia Farm Bureau's argument against coverage is based on the portion of the father's policy quoted above and this court's decision in *Martin v. National Car Rental System, Inc.*, 42 Va. Cir. 179 (1997). Because this court agrees

with Judge Doumar's decision in *Gordon*, which involved a factual situation that for all practical purposes was identical to this one, an extensive analysis and discussion of that holding, or of this court's holding now, will not be given. Instead, the court will adopt the rationale of *Gordon* as its rationale here and hold that coverage does exist.

With regard to this court's decision in *Martin*, that case is distinguishable from this one. In *Martin*, which involved an insurance policy with coverage for non-owned automobiles identical to the coverage involved here, the "unauthorized" driver, that is, the person who was driving the rental car in violation of the rental agreement but with the permission of the renter, was not a relative of the named insured. Since the relevant portion of the policy provided coverage only to relatives of the named insured, Va. Code § 38.2-2204(A) did not apply, and the court held that no coverage existed. Here, plaintiff *is* a relative of the named insured. Here, Va. Code § 38.2-2204(A) *does* apply. Since plaintiff had the custodian's permission to drive the car, and for the reasons stated in Judge Doumar's opinion in *Gordon*, coverage exists.

In *Martin*, this court stated that the driver of the rental car "is not a relative of [the named insured], and even if he was, he did not have the vehicle owner's (National's) permission to use it." The portion of that statement dealing with the lack of National's permission should not have been included since if the driver had been a relative, as the driver here is, the lack of National's permission would have been irrelevant to the claim then being discussed. To that extent only, the statement is erroneous. That error, however, does not affect the holding there or the holding here since the critical factor is whether the driver is a relative of the named insured.

For the reasons set out above, judgment will be entered in favor of plaintiff for $5,331.33.