INTEGON NATIONAL INSURANCE COMPANY and Bankers and Shippers Insurance Company, Plaintiffs,

v.

The WELCOME CORPORATION T/A Thrifty Car Rental; Illinois Insurance Exchange, Inc.; and Classic Syndicate, Inc., Defendants.

No. 98 Civ. 3752(BDP).

United States District Court, S.D. New York.

June 15, 1999.

cial requirements and **failed to fulfill this** obligation. (Decision and Award at 12.)

David I. Grauer, White Plains, NY, for plaintiffs.

Steven Jay Monn, Kroll, Rubin & Fiorella LLP, White Plains, NY, for defendant Frontier Risk.

Kenneth P. Horenstein, Marshall, Conway & Wright, P.C., New York City, for defendant Illinois Insurance Exchange, Inc. and Classic Syndicate, Inc.

## MEMORANDUM AND ORDER

BARRINGTON D. PARKER, District Judge.

Plaintiff Integon National Insurance Company and Bankers and Shippers Insurance Company ("Integon") move pursuant to Fed.R.Civ.P.Rule 56 for summary judgment against Defendant The Welcome Corporation T/A Thrifty Car Rental ("Thrifty") declaring that Thrifty is primarily liable to defend an action pending in the Supreme Court of the State of New York, County of Westchester.[1] Thrifty cross-moves for summary judgment against Integon for a declaration that Integon is primarily liable to defend the state action. For the reasons stated below, Integon's motion is denied, and Thrifty's motion is granted.

## BACKGROUND

On January 1, 1996, Scott Freeman rented a vehicle from Thrifty pursuant to a written Rental Agreement, which provided that Freeman would lease the car for one week. Freeman drove the vehicle to Westchester County. While working on a construction job, Freeman lent the car to Frank Dibello. Integon claims the business relationship between Freeman and

---

1. *Brown v. Dibello and Thrifty Car Rental,* 10779/76.

Dibello resulted in Dibello's use of the car. During Dibello's operation of the rental vehicle, Dibello allegedly caused a motor vehicle accident which is the subject of the underlying state court action.

The Rental Agreement identified and limited use of the vehicle to "Authorized Renters." Paragraph One, entitled "The Drivers–Who May Drive?" stated:

> The Car may be driven only by an Authorized Renter. An Authorized Renter is (i) Me; (ii) My spouse; or (iii) a person who has appeared at the time of the rental and has signed this Rental Agreement. All authorized Renters warrant that they are at least 21 years of age and have a valid drivers license and fulfill other qualifications.

Paragraph Three addressed "Prohibited Uses of the Car." It stated:

> A. The Car may not be used:
>
> . . .
>
> 6. BY ANYONE OTHER THAN AN AUTHORIZED RENTER;
>
> . . .
>
> B. ANY PROHIBITED USE OF THE CAR VIOLATES THE RENTAL AGREEMENT AND VOIDS OR DEPRIVES ME OF ALL BENEFITS, PROTECTION AND OPTIONAL COVERAGES, IF ANY, TO WHICH I WOULD HAVE OTHERWISE BEEN ENTITLED UNDER THIS RENTAL AGREEMENT.

Emphasis Supplied.

The Rental Agreement stated, "ADD.[ITIONAL] RENTER: NONE AUTHORIZED." Freeman expressly declined a Physical Damage Waiver, Passenger Protection & Personal Effects Coverage, and Supplemental Liability Insurance. Immediately preceding Freeman's signature on the Rental Agreement was the following statement:

> By signature below, You acknowledge that You have read and agree to the terms and conditions both printed and written, including Physical Damage Waiver, that appear on this rental statement and on the separate rental jacket. . . .

Immediately following Freeman's signature appeared a signature line for any "Additional Authorized Renter," which was left unexecuted.

Paragraph Nine in the Rental Agreement addressed third-party liability:

> I warrant that I have third-party automobile liability coverage which will pay on a primary basis for all damages arising from liability to third parties for bodily injury, death, or property damage caused by or arising from use or operation of the Car in an amount at least sufficient to satisfy applicable responsibility or other insurance laws. I and any Additional Renter(s) indemnify and hold You harmless from and against, and will defend You against, any and all loss, liability or damages whatsoever caused by or arising out of the use or operation of the Car during the rental. Where permitted by law, You do not provide any third-party liability protection covering this rental except as may be provided by paragraph 10. Where You are required by law to provide third-party protection in spite of the terms of this Rental Agreement, it shall be secondary over any coverage provided by Me or any Additional Renter(s) under all other policies, and, if so imposed, shall only provide such protection in excess of all other coverage in an amount necessary to satisfy the minimum protection required by applicable law or statute. . . .

Thrifty operates as a certified self-insurer under a Certificate of Self–Insurance issued by the Commonwealth of Virginia, Department of Motor Vehicles, pursuant to Virginia Code § 46.2–368. As a self-insurer, Thrifty provides, to the extent required by Virginia law, the minimum mandatory liability coverage of $25,000 per individual and $50,000 per occurrence. For additional protection, Thrifty also

maintained a policy through Classic Fire and Marine Insurance Company ("Classic"). Classic has since become insolvent. Freeman d/b/a Old Dominion Appraisal Company has a "Commercial Automobile Policy through [Integon which] provides Liability coverage for rented/leased vehicles."

Both Integon, Freeman's insurance carrier, and Thrifty have appeared in the state court action and have participated in the defense. This case essentially involves two insurance carriers disputing whether which is primarily liable for a state court action. Jurisdiction in this Court is predicated on diversity. *See* 28 U.S.C. 1332.

## DISCUSSION

### 1. *Summary Judgment Standard*

A motion for summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Hayes v. New York City Dep't. of Corrections*, 84 F.3d 614, 619 (2d Cir.1996); *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.1991). The court is to perform "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *McNeil v. Aguilos*, 831 F.Supp. 1079, 1082 (S.D.N.Y.1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)); *Hayes*, 84 F.3d 614 at 619.

In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities in the light most favorable to, and draw all reasonable inferences in favor of, the party opposing the motion. *Wernick v. Federal Reserve Bank of New York*, 91 F.3d 379, 382 (2d Cir.1996); *In re State Police Litigation*, 88 F.3d 111, 123 (2d Cir.1996). The Court must not weigh evidence or assess the credibility of potential witnesses, for such evaluations are to be conducted solely by the jury. *Hayes*, 84 F.3d at 619; *United States v. Rem*, 38 F.3d 634, 644 (2d Cir.1994); *Azrielli v. Cohen Law Offices*, 21 F.3d 512, 517 (2d Cir.1994). A finding of disputed material facts that could reasonably be resolved in favor of either party precludes summary judgment. *Wernick*, 91 F.3d at 382 (quoting *Anderson v. Liberty Lobby*, 477 U.S. at 250, 106 S.Ct. 2505).

Generally, the burden is on the moving party to demonstrate that there is no genuine dispute respecting any material fact and that he is entitled to judgment as a matter of law. *In re State Police Litigation*, 88 F.3d at 123; *Gallo v. Prudential Residential Services, Limited Partnership*, 22 F.3d 1219, 1223 (2d Cir.1994).

### 2. *Virginia Omnibus Insurance Statute*

■ Both parties concede that the resolution of this action hinges on the application of Virginia law and the Virginia Omnibus Insurance Statute, Va.Code § 38.2–2204 ("omnibus statute"). Specifically, § 38.2–2204(a) provides:

A. No policy or contract of bodily injury or property damage liability insurance, covering liability arising from the ownership, maintenance, or use of any motor vehicle, ... shall be issued or delivered in this Commonwealth to the owner of such vehicle, ... or shall be issued or delivered by any insurer licensed in this Commonwealth upon any vehicle, ... unless the policy contains a provision insuring the named insured, and any other person using or responsible for the use of the motor vehicle, ... with the expressed or implied consent of the named insured, against liability for death or injury sustained, or loss or damage incurred within the coverage of the policy or contract as a result of negligence in the operation or use of

such vehicle ... by the named insured or by any such person....

This statute essentially requires that an automobile liability insurance policy provide coverage for a person who is "using" a motor vehicle "with the express or implied consent of the named insured." *State Farm Mutual Ins. Co. v. Geico Indemnity Co.*, 241 Va. 326, 329, 402 S.E.2d 21 (1991). Although the omnibus statute is remedial and is to be liberally construed to broaden coverage of automobile liability policies, "[g]enerally, coverage under the omnibus clause [does] not extend beyond the first permittee when the named insured has expressly prohibited operation of the vehicle by another." *State Farm Mutual Auto. Ins. Co.*, 241 Va. at 330, 402 S.E.2d 21. Accordingly, the identification of the "insured" is critical to the proper application of the omnibus statute.

In *Shashona Martin v. National Car Rental*, HH–420–4, 1997 WL 1070576, (Va. Cir. Ct. Apr.17, 1997), a Virginia court addressed whether a rental company must provide insurance coverage under the rental car agreement and/or Va.Code § 38.2–2204 for a traffic accident which occurred while the rental car was operated by a person other than the rental car customer, with the rental car customer's consent, but in violation of the rental car agreement because the person operating the car was not an authorized driver under the rental car agreement. The *Martin* court held that the named insured under a self-insured rental car company's insurance policy, for purposes of the omnibus statute, is the rental company and not the rental car customer and any other holding is "simply untenable." *Martin*, 1997 WL 1070576, at *3. Thus, the court found no liability coverage existed because although the rental car customer gave permission for the car to be used by another person, the named insured under the self-insurance policy, the rental company, had not.

■ Here, *Martin* is fully applicable. Thrifty is the named insured under its self-insurance policy and Dibello was not given permission to drive the car by Thrifty, but by Freeman. Accordingly, Thrifty is not obligated under the omnibus statute to provide primary liability coverage in the underlying state court action.

Integon's reliance on *State Farm Mutual Ins. Co. v. Chrysler Ins.*, 95–647 (Va.Cir. Ct.1996), is misplaced. *Chrysler Ins.* involved a rental car company's insurance carrier's refusal to provide liability coverage to a rentee based on a particular inclusion in the insurance policy. The court held the insurance policy violated the omnibus statute and required that the insurance carrier provide a defense to the customer. Unlike this case, *Chrysler Ins.* involved an insurance policy that did not provide coverage to an individual who had permission from the named insured to use the vehicle—a direct violation of the omnibus statute. Here, the individual was unauthorized by the named insured, and thus not protected by the omnibus statute.

■ Not only is Thrifty not primarily liable under the omnibus statute, but also because of Freeman's breach of the Rental Agreement. Virginia case law makes clear that any coverage that a rental car customer would otherwise be entitled is void when the rental agreement is breached. In *Martin*, the driver was unauthorized because the car rental company had not given its consent for the driver to use the car. The court held that because the person who rented the car from the car rental company had violated the terms of the rental agreement by allowing someone other than an "authorized driver" to operate the car, the plaintiffs were not entitled to any liability coverage under an otherwise applicable rental agreement. *Martin*, 1997 WL 1070576, at *3. In *Gordon v. Liberty Mutual Ins. Co.*, 675 F.Supp. 321 (E.D.Va.1987), the court held that the company insuring the rental car pursuant to a policy issued to the car rental company was not obligated to cover damages from an accident because the person driving the car at the time of the accident did not have

the named insured's—the car rental company's—permission. The rental agreement specified that no one else was permitted to drive the vehicle without the lessor's permission. Thus, this breach vitiated any coverage under the rental agreement. Gordon, 675 F.Supp. at 322. *Liberty Mutual Ins. Co. v. Mueller*, 432 F.Supp. 325 (W.D.Va.1977), *aff'd*, 570 F.2d 508 (4th Cir.1978), held that the rental car company did not owe an insurance obligation when, in violation of the rental agreement, the driver had permission from the original customer, but not from the named insured, the rental car company. The court also observed that while the omnibus statute contained in the insurance policy was to be liberally construed, since the named insured did not give express or implied permission to the unauthorized user, the named insured's insurance company was not obligated to defend or otherwise extend coverage to the unauthorized user. *Liberty Mutual Ins. Co.*, 432 F.Supp. at 327–329.

Here, it is undisputed that Dibello had permission from Freeman to drive the rental car. It is equally clear, however, that the Rental Agreement signed by Freeman did not permit any authorized driver other than Freeman, and any breach of the Rental Agreement negated any liability coverage. *See* Rental Agreement, ¶ 3. The Rental Agreement was breached by Freeman's loan of the car to Dibello, an unauthorized driver. Also, Freeman declined supplemental insurance and represented that he had insurance which would cover any damages.

▉ Under Virginia case law, liability coverage by a rental car company is negated by a breach of the rental agreement. Whether Freeman loaned the vehicle to Dibello as a business associate, independent contractor or otherwise, is not relevant to Thrifty's liability because the Rental Agreement was signed solely by Freeman who did not specify any other authorized users on the Rental Agreement. Since Thrifty, as the plain language of the Rental Agreement indicates, gave permission solely to Freeman to operate the rental vehicle, Freeman, and by extension Integon and Dibello, are not entitled to any benefit from the Rental Agreement due to Freeman's breach.

It is clear, and Integon does not dispute, that as Freeman's insurance carrier, it is obligated to provide coverage to Dibello. Freeman expressly gave permission to Dibello to use the vehicle and Integon provides automobile liability insurance to Freeman for rented and leased autos. Thus, under the omnibus statute, Integon is liable because the named insured— Freeman—expressly gave permission to Dibello to use the car.

Integon seems to contend, without reference to any rules of civil procedure or case law, that Thrifty is not entitled to claim that Dibello was an unauthorized user because Thrifty did not allege any issue regarding the permissive usage of the vehicle during the underlying state action. Thrifty in its Verified Answer to the state court action, however, denied the plaintiffs' allegations that Dibello rented the vehicle from Thrifty and that Dibello operated the vehicle with Thrifty's knowledge. Further, Thrifty, in its Answer to the Amended Complaint in the state court action cross-claimed against the codefendants on the ground that they breached the Rental Agreement. Also, in its Answer to the Amended Complaint in this action, Thrifty alleged, as affirmative defenses that the Old Dominion Fixture & Appraisal Company and Dibello were not authorized operators of the vehicle. Thus, Integon's argument is unpersuasive.

## CONCLUSION

For the reasons stated above, Integon's motion for summary judgment is denied and Thrifty's motion for summary judgment is granted to the extent that this Court holds that Integon is primarily liable to defend the underlying state court action. Thrifty is entitled to be reimbursed

by Integon for all past, present and future costs and disbursements incurred relating to the defense in the underlying action. The parties are directed to settle a judgment in ten (10) days on seven (7) days notice.