## CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Nationwide Mutual Ins. Co.

v.

Welcome Corp.,
t/a Thrifty Car Rental et al.

August 8, 2001

Case No. (Chancery) 00-0145

BY JUDGE VON L. PIERSALL, JR.

In this matter, plaintiff, Nationwide seeks an order declaring that, under its insurance policy issued to Ms. Suzanne Wilson, it does not provide primary insurance coverage for the single vehicle accident in which Ms. Wilson operated the vehicle owned by Welcome Corporation, trading as Thrifty Car Rental (Welcome) but rented to Ms. Wilson's daughter, Ms. Caroleen Stafford. Nationwide seeks the application of an "emergency circumstances" theory to the circumstances giving rise to Ms. Wilson's taking control of the vehicle. The application of the emergency circumstance theory, Nationwide argues, will lead to the enforcement of the terms of the rental agreement between Ms. Stafford and Welcome and absolve Nationwide from providing primary coverage for the accident. Defendant, Welcome, argues that, as a self-insurer, it is to receive the benefit of its bargain with Ms. Stafford. Welcome argues that it bargained with Ms. Stafford that she be the sole authorized operator of the vehicle and that Ms. Wilson's operation of the vehicle, even with Ms. Stafford's permission, breached the terms of the rental agreement. Defendant, Welcome, argues that Plaintiff Nationwide must provide primary

insurance coverage for the accident and that the "Omnibus Clause" of § 38.2-2204 of the Virginia Code does not apply to self-insurers.

Welcome, located at Montgomery Ward and Company, 701 North Lynnhaven Parkway, Virginia Beach, is an independent licensee of Thrifty Car Rental. On March 18, 1998, Ms. Stafford rented a Dodge van from Welcome. Ms. Stafford was the sole signer of the rental agreement and the agreement did not list any additional "authorized renters." The terms of the agreement are listed on the reverse side of the rental agreement.

Ms. Stafford operated the van and carried a group of passengers to a change-of-command ceremony in New Jersey. Prior to arriving in New Jersey, Ms. Stafford suffered back pains. While in New Jersey, Ms. Stafford suffered a headache and took Naporsyn, a prescription drug that may cause drowsiness, to combat her ailments. After the ceremony, Ms. Stafford operated the van for the return to the Portsmouth/Virginia Beach area. While on the return trip, Ms. Stafford became ill and felt herself unable to operate the van. She requested that Ms. Wilson operate the van in order to return to Virginia. Ms. Wilson complied with the request.

While on Route 13, in Accomack County, Virginia, the van operated by Ms. Wilson left the road and collided with a tree. As a result of the collision with the tree, Ms. Wilson and passengers, Ms. Stafford, Barbara G. Gatling, Fred Wilson, Joseph Stafford, and Jeremy Stafford received personal injuries. The injured parties are making claims against Ms. Wilson and/or Nationwide for their injuries.

Welcome operates as a certified self-insurer under a Certificate of Self-Insurance issued by the Commonwealth of Virginia, Department of Motor Vehicles, pursuant to Virginia Code § 46.2-368. As a self-insurer, Welcome provides self-coverage for incidents involving its rented vehicles. Ms. Wilson holds a family automobile insurance policy from plaintiff Nationwide.

In general, the Omnibus Clause in Virginia applies to all automobile liability insurance policies. Va. Code Ann. § 38.2-2204 (Michie 1992). The Omnibus Clause requires coverage for a person "using" a motor vehicle with the "express or *implied* consent of the named insured." *State Farm Mut. Auto. Ins. v. GEICO Indemnity*, 241 Va. 326, 402 S.E.2d 21 (1991) (emphasis added).

Virginia law also requires that "no person engaged in the business of renting automobiles and trucks without drivers shall rent any vehicle without a driver unless the vehicle is an insured motor vehicle as defined in § 46.2-705." Va. Code Ann. § 46.2.-108(D) (Michie 1992). Clearly, Virginia law requires rental companies to provide liability insurance for any car that it rents to the general public. Va. Code § 46.2-705 gives the rental agency the option to

insure the vehicles with an insurance carrier, bond in lieu of insurance, or qualify as a self-insurer in accordance with the provisions of § 46.2-368. If Welcome covered its rented vehicles with a standard automobile liability policy obtained from an insurance carrier, then the Omnibus Clause would clearly apply. *See Liberty Mutual Ins. Co. v. Vaughn*, 570 F.2d 508 (4th Cir. 1978); *Gordon v. Liberty Mutual Ins. Co.*, 675 F. Supp. 321 (E.D. Va. 1987).

Welcome, however, is covered under "self insurance," as prescribed by § 46.2-368. The Omnibus Clause is not specifically referenced as applicable to or exempt from § 46.2-368. However, § 46.2-368(B) does specifically require self-insurers to provide uninsured/underinsured motorist coverage pursuant to § 38.2-2206. Likewise, § 46.2-368(C) also requires a self-insurer to provide coverage to permissive users, which is similar to the requirement of the Omnibus Clause that requires coverage for users with the "express or implied consent on the named insured."

A fair reading of the Omnibus Clause indicates that self-insurers are bound by the terms of the clause. Section 38.2-2204 is applicable to all "policies or contracts" relating to liability insurance for motor vehicles. Welcome's use of self-insurance status to satisfy the insurance requirements of section 46.2-108(D) can be considered a "policy" that is applicable to itself and as part of a "contract" it issues to a customer. There is no code section or case law that limits the use of the words "contract" or "policy" strictly to traditional insurance carriers. In fact, Code § 38.2-101 specifically states *"without otherwise limiting the meaning of or defining the following terms . . . "insurance contracts" or "insurance policies"* shall include contracts of fidelity, indemnity, guaranty, and suretyship." With no limitation on the meanings of "contract" and "policy," clearly the Omnibus Clause applies to self-insurers under a plain-meaning interpretation of the text.

The Supreme Court of Virginia has also discussed the applicability of the Omnibus Clause to self-insurers as well. In *City of Norfolk v. Ingram*, 235 Va. 433, 367 S.E.2d 725 (1988), the Court assumed, without deciding, that the Omnibus Clause applied to self-insurers. The chief reason the court did not make a final determination concerning the applicability of the clause was that the issue was first raised on appeal. The holding in *Ingram* applied the Omnibus Clause to the City of Norfolk as a self-insurer.

The self-insurance of a rental car company does not cover *unauthorized* use of the vehicle by a third party not privy to the rental agreement. Under the Virginia Omnibus Insurance Statute, Va. Code § 38.2-2204 (Omnibus Statute), the "insured" in the self-insurance of a rental car company is the rental car company. *Integon Nat'l Ins. Co. v. Welcome Corp.*, 53 F. Supp. 2d 599, 603 (S.D. N.Y. 1999); *Martin v. Nat'l Car Rental Sys.*, 42 Va. Cir. 179

(1997). Coverage under the Omnibus Statute does not extend beyond the first permittee when the named insured has expressly prohibited operation of the vehicle by another. *GEICO, supra.*

The Omnibus Statute provides:

> No policy or contract of bodily injury or property damage liability insurance, covering liability arising from ownership, maintenance, or use of any motor vehicle . . . shall be issued or delivered in this Commonwealth upon any vehicle . . . unless the policy contains a provision insuring the named insured, and any other person using or responsible for use of the motor vehicle, with the expressed or *implied* consent of the named insured, against liability for death or injury sustained, or loss or damage incurred within the coverage of the policy or contract as a result of negligence in the operation or use of the motor vehicle by the named insured or by any other such person.

Va. Code § 38.2-2204(C) (1999) (emphasis added).

This statute essentially requires that an automobile liability insurance policy provide coverage for a person using a motor vehicle with the express or *implied* consent of the named insured. *See, Integon,* 53 F. Supp. 2d at 603; *see, GEICO,* 241 Va. at 326. The "named insured" in self-insured rental car company instances is not the customer but is the rental car company. *See, Martin, supra.* Welcome Corporation is a certified self-insurer pursuant to Va. Code § 46.2-368 and, as such, Welcome, not Ms. Stafford, is the named insured and the insurer as well.

Under the Omnibus Statute, the named insured can extend coverage to the renter of a covered automobile by giving permission for the renter to use the vehicle pursuant to the rental agreement. *See, Gordon,* 675 F. Supp. at 322; *Nationwide Mut. Ins. Co. v. Vaughn,* 307 F. Supp. 805, 807 (W.D. Va. 1969). The rental agreement, thus, acts as a contract between the renter and the self-insurer. *See generally, Integon,* 53 F. Supp. 2d 599 (once the court ruled the rental company was the named insured, the District Court treated the rental agreement as a contract). *Liberty Mut. Ins. Co. v. Mueller,* 432 F. Supp. 325, 327 (W.D. Va. 1977). The Omnibus Statute, in such circumstances, is to be strictly construed in the sense that express permission for a given purpose does not imply permission for all other purposes. *See, Mueller,* 432 F. Supp. at 328. Permission for a use that is beyond the terms of the rental contract cannot be inferred where it has been explicitly denied. *See, Mueller,* 432 F. Supp. at 328. *Fidelity & Casualty of N.Y. v. Harlow,* 191 Va. 64 (1950). Coverage under the

Omnibus Statute does not extend beyond the first permitee when the named insured expressly prohibits the use of the vehicle by another. *GEICO, supra.*

Welcome Corporation, as the named insured under its self-insurance policy, is entitled to the benefit of the bargained for terms in the rental agreement. The rental agreement expressly consents to Ms. Stafford's operating the van and expressly prohibits use of the car by anyone "other than an authorized renter." Defendant's Exhibit 1, "Terms" 3(A)(6). The rental agreement further states that, "[a]ny prohibited use of the car violates the rental agreement and voids or deprives [the renter] of all benefits, protection and optional coverage, if any, to which [the renter] would have otherwise been entitled." Defendant's Exhibit 1, "Terms" 3(B). The rental agreement describes Welcome's consent by stating, "[n]o term of this Rental Agreement may be waived or changed except by a written agreement signed by [the renter's] authorized representative." Defendant's Exhibit 1, "Terms" 12(A). Welcome gave permission solely to Ms. Stafford to operate the van. Ms. Stafford signed the contract leaving the "Additional Authorized Renter" line blank. Ms. Stafford was, thus, the only authorized renter who could operate the van on the excursion to New Jersey.

As stated above, the Omnibus Statute provides coverage for persons using a motor vehicle with the "express or implied consent of the named insured." There is an exception to this rule that allows the first permittee to transfer operation of the vehicle to another when the circumstances indicate an emergency situation. The emergency circumstance exception supports a finding of *implied consent* under the Omnibus Statute.

The *prima facie* case for an emergency circumstances exception is: (1) an unforeseen incapacity to the driver, (2) requiring a substitution of drivers, (3) that the driver acted as a reasonable person under the circumstances, (4) and the exception is permitted only while the emergency circumstances exist. The jury in an issue out of chancery decided that there was such an emergency, and this court accepted and approved that decision.

In *GEICO*, the named insured's permittee was expressly permitted to use the vehicle, but was strictly forbidden to allow anyone else to drive the vehicle. While running an errand with a friend in the car, the permittee became ill and requested the friend to drive. The vehicle was involved in an accident shortly after the change in drivers. *Id.* at 328, 402 S.E.2d at 21. The Supreme Court of Virginia found that there was uncontradicted evidence that the permittee was ill, felt she could not drive, requested the third party to drive, and the accident occurred before the incapacity subsided. *Id.* at 333, 402 S.E.2d at 24. The Court held that the emergency circumstances exception was appropriate based on the facts of the case. *Id.*

In the only other case in Virginia where the exception was applied, *GEICO v. State Farm Mutual Auto. Ins.*, 2000 Va. Cir. LEXIS 151, the Circuit Court of Fairfax County held the exception applicable where a permittee requested a third party to drive because the permittee incapacitated herself by smoking marijuana.

The fact pattern presented here is similar to that of *GEICO* where the *prima facie* case for the emergency circumstance doctrine was established in Virginia. Strict applications of the emergency circumstance exception to the known facts in the present case suggest a case for the exception. The first permittee, Ms. Stafford, became suddenly ill and requested a substitute driver, Ms. Wilson. The van hit the tree while under Ms. Wilson's control. The only distinction between the present situation and that in *GEICO* is that here the named insured is a rental car corporation, whereas, in *GEICO*, it was an individual.

There is little room to argue against the fact that rental car companies in Virginia are required to provide liability insurance for vehicles rented to the public. Welcome chose to meet this requirement by obtaining self-insurance status. There is no specific reference against the applicability of the Omnibus Clause to self-insurers. Conversely, there is no positive statement as to the clause's relevance because the plain meaning of the Omnibus Clause includes the manner in which rental car companies, as self-insurers, operate. Since the Omnibus Clause applies to Welcome, the emergency circumstances exception to the clause is applicable to the case at bar and Ms. Wilson had implied consent to operate the vehicle.

The last issue raised by the petitioner, which, perhaps, should have been taken first is the question of notice to the claimant of the insured's breach of the terms of the insurance contract as required by § 38.2-2226 of the Code of Virginia. This is a somewhat difficult matter since the insured is the insurer in a self-insurance situation. The Legislature tried to remedy this in Paragraph (C) of § 46.2-368 of the Code of Virginia.

It appears that the Legislature enacted § 46.2-368(C) in order to treat a self-insured in its relationship with one who uses a vehicle covered by the certificate of self-insurance like the statutes treat an insurance company in its relationship with an insured.

The statute makes it clear that the Legislature intended to afford a self-insurer the same opportunity to defend a claim arising out of the use of a vehicle without permission of the owner as it would an insurance company

against a claim arising out of the use of a vehicle by one not an insured. Also it is clear that the self-insurer is protected against a claim arising out of use of a vehicle by a permissive user who fails to cooperate in the defense of the claim just as an insurance company may deny a claim arising out of the insured's failure to cooperate.

It is reasonable then to find that the statute requires the same notice from the self-insured as it does from the insurance company.

However, since this Court has ruled above that the driver of the vehicle in this case had implied consent to drive the car and is thus a permissive user, it is a moot question as to whether Welcome's failure to give notice as required prevents them from denying coverage based on lack of consent to drive.

The Court is of the opinion that Ms. Wilson had implied consent to operate the vehicle and that the "Omnibus Clause" is applicable to a self-insured vehicle. Therefore, it is the opinion of the Court that Welcome is obligated to provide primary coverage in this case and that Nationwide would provide excess coverage.